IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALVIN ROYBAL,
JERRY B. SANCHEZ, and
ANSELMO SMITH,

    Plaintiffs,

vs.                                                                                     Civ. No. 13-25 KG/KBM

CITY OF ALBUQUERQUE,
RICHARD J. BERRY, Mayor,
ROBERT PERRY, Chief Administrative Officer,
VINCENT YERMAL, Director of Human Resources,
MARY SCOTT, Deputy Dir. of Human Resources,
BRUCE RIZZIERI, Transit Department Director,
CITY PERSONNEL BOARD,
CITY LABOR-MANAGEMENT RELATIONS BOARD,
BARBARA ALBIN, Personnel Hearing Officer, and
PAULA I. FORNEY, Attorney.

MEMORANDUM OPINION AND ORDER

        Defendants City of Albuquerque, Richard J. Berry, Robert Perry, Vincent Yermal, and Bruce Rizzieri (collectively, Defendants) move to strike Plaintiffs' First Amended Complaint for Violations of Constitutional and Contractual Rights and Wrongful Termination, Abuse of Process, and Prohibited Labor Practices (Doc. 26) (First Amended Complaint), filed February 20, 2013.  *See* Motion to Strike Amended Complaint and Memorandum in Support Thereof (Doc. 34) (Motion to Strike), filed March 5, 2013.  Plaintiffs did not respond to the Motion to Strike.  *See* Notice of Completion of Briefing (Doc. 37), filed March 20, 2013.

A. *Procedural Background*

        On October 12, 2012, Plaintiff Alvin Roybal filed a Notice of Administrative Appeal (Doc. 15-1) in the Second Judicial District Court, County of Bernalillo, State of New Mexico. Plaintiff Roybal appealed Defendant City Personnel Board's September 12, 2012 approval of

Defendant Barbara Albin's recommendation to dismiss Plaintiff Roybal's appeal of a decision to terminate his employment with Defendant City of Albuquerque.  Plaintiff Roybal alleges in the Notice of Administrative Appeal that he was "den[ied] a fair hearing before a neutral hearing officer…." *Id*. at 1.  Instead of filing a statement of appellate issues to support the Notice of Administrative Appeal, Plaintiff Roybal filed on December 20, 2012 a Complaint for Violation of Constitutional and Contractual Rights and Wrongful Termination, Abuse of Process, and Prohibited Labor Practices (Doc. 1-1) (Complaint).

Shortly after Plaintiff Roybal filed the Complaint, Defendants removed this case to federal district court.  *See* Notice of Removal (Doc. 1), filed Jan. 10, 2013.  On January 30, 2013, Defendants filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment Dismissing Complaint in its Entirety (Doc. 16) in which they seek to dismiss the Complaint under both Fed. R. Civ. P. 12 and Fed. R. Civ. P. 56.  The next day, Defendants City Personnel Board and Albin filed Defendants City Personnel Board and Barbara Albin's Motion for Summary Judgment (Doc. 19).

Plaintiffs filed the First Amended Complaint on February 20, 2013 which added Plaintiffs and Defendants.  Plaintiffs did not seek the written consent of any of the Defendants to file the First Amended Complaint nor did they seek the Court's leave to file the First Amended Complaint. Defendants argue that Fed. R. Civ. P. 15(a)(1)(B) prohibited Plaintiffs from filing the First Amended Complaint as a matter of course and that Rule 15(a)(2) required Plaintiffs to obtain either Defendants' written consent, or the Court's leave, to file the First Amended Complaint.  Hence, Defendants conclude that the Court should strike the First Amended Complaint.

*B. Discussion*

  *1. Plaintiffs' Failure to Respond to the Motion to Strike*

D.N.M. LR-Cv 7.1(b) provides that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." Under Local Rule 7.1(b), Plaintiffs' failure to respond to the Motion to Strike constitutes consent to grant that motion. In this instance, however, the Court determines that it would best serve the interests of justice if the Court considers the merits of the Motion to Strike instead of summarily granting the Motion to Strike under Local Rule 7.1(b). Hence, the Court declines to invoke Local Rule 7.1(b) with respect to the Motion to Strike.

  *2. Rule 15(a)*

Rule 15(a)(1)(B) states, in pertinent part, that "a party may amend its pleading once as a matter of course … if the pleading is one to which a responsive pleading is required, ... 21 days after service of a motion under Rule 12(b).…" "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2). Defendants argue that the Court should characterize the Complaint filed in state court as an amended complaint which Plaintiff Roybal filed as a matter of course. Consequently, Defendants contend that the First Amended Complaint filed in federal court is actually a second amended complaint which Plaintiffs could have filed only with the written consent of Defendants or with leave of the Court.

The initial question under Defendants' analysis is whether the Notice of Administrative Appeals is a "pleading" which Plaintiff Roybal could have amended by filing the Complaint, thereby, making the Complaint, in actuality, a first amended complaint. Fed. R. Civ. P. 7(a) states that only the following documents are allowed as pleadings: "(1) a complaint; (2) an

3

answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Rule 7(a) does not include any kind of notice of appeal as a pleading. The Federal Rules of Civil Procedure, however, clearly consider the Complaint filed in state court to be a pleading.

Since the Complaint is a "pleading," Rule 15(a)(1)(B) permitted Plaintiff Roybal to amend the Complaint once as a matter of course if he did so within "21 days after service of a motion under Rule 12(b)...." In this case, Defendants' brought their Motion to Dismiss or, in the Alternative, Motion for Summary Judgment Dismissing Complaint in its Entirety (Doc. 16) under Rule 12 and they electronically served Plaintiff Roybal with that motion on January 30, 2013. *See* Motion to Dismiss or, in the Alternative, Motion for Summary Judgment Dismissing Complaint in its Entirety (Doc. 16) at 3. Plaintiffs filed the First Amended Complaint on February 20, 2013, exactly 21 days after service of the Motion to Dismiss or, in the Alternative, Motion for Summary Judgment Dismissing Complaint in its Entirety (Doc. 16). Consequently, Rule 15(a)(1)(B) allowed Plaintiffs to file the First Amended Complaint as a matter of course without either Defendants' written consent or leave of the Court. The Court will, therefore, deny the Motion to Strike.

IT IS ORDERED that the Motion to Strike Amended Complaint and Memorandum in Support Thereof (Doc. 34) is denied.

_____
UNITED STATES DISTRICT JUDGE