IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALVIN ROYBAL,
JERRY B. SANCHEZ, and
ANSELMO SMITH,

    Plaintiffs,

vs.                                                                         Civ. No. 13-25 KG/KBM

CITY OF ALBUQUERQUE,
RICHARD J. BERRY, Mayor,
ROBERT PERRY, Chief Administrative Officer,
VINCENT YERMAL, Director of Human Resources,
MARY SCOTT, Deputy Dir. of Human Resources,
BRUCE RIZZIERI, Transit Department Director,
CITY PERSONNEL BOARD,
CITY LABOR-MANAGEMENT RELATIONS BOARD,
BARBARA ALBIN, Personnel Hearing Officer, and
PAULA I. FORNEY, Attorney.

## MEMORANDUM OPINION AND ORDER

      This is an employment case brought by former City of Albuquerque bus drivers who tested positive for marijuana use and subsequently received disciplinary actions. On December 20, 2012, Defendants City Personnel Board and Barbara Albin (collectively, Personnel Defendants) filed a Motion for Summary Judgment on Plaintiff Alvin Roybal's claims raised in the initial Complaint (Doc. 1-1). *See* (Docs. 19 and 20). The Complaint named only Roybal as plaintiff and named as defendants City of Albuquerque, Richard J. Berry, Robert Perry, Vincent Yermal, Bruce Rizzieri, City Personnel Board, and Barbara Albin. Plaintiff Roybal did not respond to the Motion for Summary Judgment. (Doc. 27).

After the Personnel Defendants filed the Motion for Summary Judgment, Plaintiffs filed their First Amended Complaint.[1] (Doc. 26). The First Amended Complaint does not bring any new claims, but it adds Plaintiffs Jerry B. Sanchez and Anselmo Smith, and it adds Defendants Mary Scott, the City Labor-Management Relations Board, and Paula I. Forney. The Motion for Summary Judgment, therefore, remains applicable to Plaintiff Roybal's claims against the Personnel Defendants. *See* (Doc. 48) at 3 (subsequent dispositive motion concerning First Amended Complaint "addresses only plaintiffs Smith and Sanchez as newly added plaintiffs and defendant City Labor Relations-Management Board as a newly added defendant. The earlier motion for summary judgment (Doc. 19 and 20) addressing only plaintiff Roybal and defendants City Personnel Board and Albin is pending with no response filed by plaintiff."). Having reviewed the Motion for Summary Judgment and the relevant uncontested evidence submitted in support of the Motion for Summary Judgment, the Motion for Summary Judgment is granted, in part, and all remaining claims brought by Plaintiffs Roybal, Smith, and Sanchez against the Personnel Defendants will be dismissed with prejudice.

---

[1] On October 17, 2013, the Court denied Defendants City of Albuquerque, Berry, Perry, Yermal, and Rizzieri's (City Defendants) Motion to Strike Amended Complaint (Doc. 34). *See* (Doc. 62). The Court concluded that Plaintiffs properly filed the First Amended Complaint as a matter of course.

A. Background[2]

  1. *Uncontested Facts Regarding Plaintiff Roybal's Claims Against the Personnel Defendants*

On December 5, 2009, Defendant City of Albuquerque administered a random drug test to Plaintiff Roybal which he failed. Ex. A-1 (Doc. 17-2). As a result of the positive drug test, Plaintiff Roybal's employment was terminated on June 3, 2010, under Defendant City of Albuquerque's 2006 zero-tolerance substance abuse policy. Ex. A-7 (Doc. 17-2). On June 14, 2010, Plaintiff Roybal appealed the decision to terminate his employment. Ex. A-9 (Doc. 17-2).

While that termination of employment appeal was pending, Defendant City of Albuquerque reinstated Plaintiff Roybal on February 23, 2011, to his job "effective March 12, 2011 from the day [he was] terminated, June 3, 2010" and determined that Plaintiff Roybal could receive back pay. Ex. A-10 at 1 (Doc. 17-3). Defendant City of Albuquerque also scheduled a pre-determination hearing on March 17, 2011, to consider whether Plaintiff Roybal "should be disciplined and if so, how much discipline is warranted" for testing positive on the random drug test. *Id.*

Defendant City of Albuquerque based its February 2011 decision to reinstate Plaintiff Roybal to his job and to schedule a pre-determination hearing regarding the issue of discipline on a November 2009 decision in state district court invalidating the 2006 zero-tolerance drug policy requiring termination of employment for a first-time positive drug test result. *See* Ex. A at ¶¶ 7, 8. The state district court concluded that Defendant City of Albuquerque had not in good faith

---

[2] In describing the facts in this case, the Personnel Defendants refer to exhibits attached to City Defendants' Memorandum in Support of Motion to Dismiss or, in the Alternative, Motion for Summary Judgment Dismissing Complaint in its Entirety (Doc. 17). The Court will, likewise, refer to those exhibits. *See also* (Doc. 63) at 3-9 (contains detailed summary of facts relevant to Plaintiff Roybal's claims).

negotiated the 2006 drug testing penalties with the appropriate unions. *Id.* at ¶ 7. As a result of these actions by the state district court, Defendant City of Albuquerque retracted its application of the 2006 zero-tolerance drug policy to Plaintiff Roybal and instead applied the previous 1999 substance abuse policy which provided for penalties less than employment termination for a first-time violation of the substance abuse policy. *Id*. at ¶¶ 8 and 10.

Following the March 17, 2011, pre-determination hearing, Plaintiff Roybal received a 20-day suspension and was ordered to report to the Substance Abuse Program Manager. Plaintiff Roybal, however, failed to meet with the Substance Abuse Program Manager. On April 29, 2011, Defendant Rizzieri, the City of Albuquerque Transit Director, terminated Plaintiff Roybal's employment for not meeting with the Substance Abuse Program Manager and for failing to report to work. Ex. A-15 (Doc. 17-3) at 5. Plaintiff Roybal did not appeal that decision to terminate his employment.

Plaintiff Roybal's appeal of the June 3, 2010, decision to terminate his employment was still pending when Defendant City of Albuquerque terminated Plaintiff Roybal's employment on April 29, 2011. That appeal was ultimately assigned to personnel hearing officer Defendant Albin. On August 3, 2012, Defendant Albin concluded and recommended that the appeal be dismissed as moot because Defendant City of Albuquerque reinstated Plaintiff Roybal to his job with full benefits and offered back pay. Ex. A-16 (Doc. 17-3) at 11. Defendant City Personnel Board approved Defendant Albin's recommendations. *Id*. at 12.

The Court notes that Plaintiffs Sanchez and Smith's claims against the Personnel Defendants, like Plaintiff Roybal's claims against those Defendants, involve the Personnel Defendants' actions in hearing Plaintiffs Sanchez and Smith's employment appeals. *See* First Amended Complaint at ¶¶ 4, 8, 19, 31, 32, and 34.

4

*2. Pertinent Procedural History of the Case*

On November 7, 2013, this Court dismissed with prejudice Plaintiff Roybal's claims against City Defendants which Plaintiff Roybal raised in Counts 1, 3, 4, and 6 of the First Amended Complaint. (Doc. 64). This Court also dismissed with prejudice Counts 2 and 5 of the First Amended Complaint in their entirety. *Id*. at 2. Any references to Counts 1, 3, 4, and 6 do not include the dismissed claims. However, for the purpose of this Memorandum Opinion and Order, this Court will refer to Counts 1, 4, and 6's use of the collective "Plaintiffs" and "Defendants."

Plaintiff Roybal and the other Plaintiffs bring their remaining claims "under 42 U.S.C. Sec. 1983 and the laws and constitutions of the United States and the State of New Mexico." First Amended Complaint at ¶ 5. In Count 1, all Plaintiffs seek damages for Defendants' alleged violations of their due process rights. *Id*. at ¶ 65. With respect to Count 3, Plaintiffs Roybal and Smith maintain that the "City is liable, in an amount to be determined at trial, for its wrongful discipline and unreasonable termination of Plaintiffs' employment," but it is unclear whether Plaintiffs Roybal and Smith are bringing that claim against all Defendants. *Id*. at ¶ 81. In Count 4, the three Plaintiffs claim that "Defendants are liable for damages proximately resulting from their breach of contract and failure to comply with their duty of good faith and fair dealing." *Id*. at ¶ 84. Plaintiffs allege in Count 6 that "Defendants are liable to Plaintiffs for damages proximately resulting from their unfair labor practices as well as injunctive and declaratory relief." *Id*. at ¶ 95. The Personnel Defendants argue that they are entitled to summary judgment on all of these Counts on the basis of absolute quasi-judicial immunity.

B.  Discussion

   1. *Standard of Review*

Summary judgment is appropriate if there is no genuine dispute as to a material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).[3] When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Bacchus Indus., Inc.*, 939 F.2d at 891.

   2. *Absolute Quasi-Judicial Immunity*

Federal law and New Mexico state law recognize that administrative hearing officers acting in a quasi-judicial manner have absolute judicial immunity for money damages. *See Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006); *City of Albuquerque v. Chavez*, 1997-NMCA-054, 123 N.M. 428, 433. In fact, the Tenth Circuit Court of Appeals has specifically held that when City of Albuquerque personnel hearing officers and the City of Albuquerque

---

[3] Rule 56 was amended effective December 1, 2010, but the standard for granting summary judgment remains unchanged.

Personnel Board are engaged in quasi-judicial activities pursuant to the City of Albuquerque's Merit System Ordinance they are entitled to absolute quasi-judicial immunity for lawsuits seeking damages. *Saavedra v. City of Albuquerque*, 73 F.3d 1525, 1529-30 (10th Cir. 1996). *See also* Ex. A (Doc. 20-1) (Merit System Ordinance provisions which Tenth Circuit outlined in *Saavedra* to conclude quasi-judicial nature of City of Albuquerque Personnel Board and City of Albuquerque personnel hearing officers). The New Mexico Court of Appeals subsequently adopted the *Saavedra* holding in *Chavez*, 123 N.M. at 433-34.

In this case, Plaintiff Roybal, as well as the other Plaintiffs, admit in the First Amended Complaint that "[p]ursuant to the Merit System Ordinance the City Personnel Board is supposed to be a quasi-judicial board that rules on disciplinary cases between the City and its employees." First Amended Complaint at ¶ 8.  Plaintiffs further maintain that "the Personnel Board is the administrative hearing board responsible for adjudicating employee appeals from terminations, suspensions, and demotions; Barbara Albin is a Personnel Hearing Officer who was appointed by the City's Chief Administrative Officer to replace the assigned hearing officers in these cases." *Id*. at 4.  In fact all of Plaintiffs' allegations concerning the Personnel Defendants involve their roles in the employment appeals process. *See id.* at ¶¶ 4, 8, 19, 31, 32, 34, 46, 53-57.

The reasoning in *Saavedra*  applies directly to the Personnel Defendants.  Here, the Personnel Defendants, like the City of Albuquerque Personnel Board and the City of Albuquerque personnel hearing officer in *Saavedra*, allegedly engaged in quasi-judicial activities pursuant to the Merit System Ordinance, i.e., the Personnel Defendants heard and ruled on Plaintiffs' employment appeals.  Moreover, in Counts 1 and 4, Plaintiffs seek only damages against the "Defendants," including, presumably, the Personnel Defendants. In Count 3, Plaintiffs Roybal and Smith seek only damages from Defendant City of Albuquerque, but it is

unclear whether Plaintiffs Roybal and Smith are also bringing Count 3 against the Personnel Defendants.  The Court assumes that Plaintiffs Roybal and Smith are also bringing Count 3 against the Personnel Defendants for damages. Under these circumstances, the Personnel Defendants are absolutely immune from suit with respect to Counts 1, 3, and 4 of the First Amended Complaint. Consequently, all of the claims against the Personnel Defendants in Counts 1, 3, and 4 of the First Amended Complaint, whether brought by Plaintiff Roybal or the other Plaintiffs, are subject to summary judgment as a matter of law.

In Count 6, the last remaining Count against the Personnel Defendants, all of the Plaintiffs ask for injunctive and declaratory relief in addition to damages for unfair and prohibited labor practices.  Clearly, the Personnel Defendants, as quasi-judicial actors allegedly engaged in quasi-judicial activities, are entitled to absolute quasi-judicial immunity regarding the portion of Count 6 in which Plaintiff Roybal and the other Plaintiffs seek damages.  Thus, Plaintiffs' Count 6 claim against the Personnel Defendants for damages is subject to summary judgment as a matter of law.  Although the Personnel Defendants cannot obtain absolute quasi-judicial immunity for the remainder of Count 6 in which Plaintiffs seek injunctive and declaratory relief, the Court will, nonetheless, examine Count 6 to determine whether Plaintiffs state a cognizable claim against the Personnel Defendants for injunctive and declaratory relief.

The Court notes first that Plaintiffs do not specifically name the Personnel Defendants in Count 6.  Instead, the Personnel Defendants are included in the collective "Defendants" which Plaintiffs refer to generally as (1) being "obligated to negotiate in good faith over mandatory topics of negotiation," (2) "knowingly and willfully engaging in unfair and prohibited labor practices and actions" by using drug testing penalties without prior union negotiations, and (3) being liable for damages and injunctive and declaratory relief.  *See* First Amended Complaint at

¶¶ 91, 94, and 95.  Aside from the vague references to the collective "Defendants" which, presumably, includes the Personnel Defendants, a liberal reading of Count 6 leads one to conclude that Count 6 does not involve the Personnel Defendants and that it actually concerns only Defendant City of Albuquerque.  For instance, Plaintiffs specifically allege in Count 6 that "[t]he *City* has not developed, drafted, proposed, or promulgated any drug testing penalties for presentation in collective bargaining negotiations between the City and NMTU and other employee labor unions."  *Id*. at ¶ 92 (emphasis added).  Plaintiffs further allege that as of "February 1, 2012, the *City* again reinstated its zero-tolerance drug testing policy, including the unreasonable prohibition of any use of marijuana by City employees and termination for employees who test positive."  *Id*. at ¶ 93 (emphasis added).

   A liberal construction of Count 6 also leads one to conclude that the failure to negotiate with the appropriate unions regarding drug testing penalties is the alleged unfair and prohibited labor practice at issue.  Plaintiffs, however, fail to allege anywhere in the First Amended Complaint that the Personnel Defendants are or were involved in union negotiations.  Rather, Plaintiffs allege that the Personnel Defendants are involved in hearing and ruling on employment appeals. The nature of the roles of the Personnel Defendants is such that they would not have engaged in the unfair and prohibited labor practices which Plaintiffs describe in Count 6.

   A district court may *sua sponte* dismiss a plaintiff's claim under Fed. R. Civ. P. 12(b)(6)  for "failure to state a claim upon which relief can be granted," if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Smith v. New Mexico*, 94 Fed. Appx. 780, 781 (10th Cir.), *cert. denied*, 543 U.S. 946 (2004) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (internal quotation marks omitted)).  Here, accepting Plaintiffs' allegations as true and

viewing those allegations in the light most favorable to Plaintiffs, the Court determines that Plaintiffs have not pled a plausible claim of unfair and prohibited labor practices against the Personnel Defendants for injunctive and declaratory relief. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (Rule 12(b)(6) dismissal proper only where obvious that plaintiff failed to set forth "enough facts to state a claim to relief that is plausible on its face."); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984) (in Rule 12(b)(6) context, court accepts as true all well-pled facts and views them in plaintiff's favor). Plaintiffs do nothing more than make non-specific and conclusory allegations that the Personnel Defendants failed to negotiate drug testing penalties with the appropriate unions. *See Twombly*, 550 U.S. at 555 (Rule 12(b)(6) requires plaintiff to allege more than conclusions, labels, and formulaic recitation of elements of cause of action). In addition, Plaintiffs' description of the roles of the Personnel Defendants simply does not support any claim for failure to negotiate with unions. It is "patently obvious" that Count 6 is not directed to the Personnel Defendants. The Court, therefore, concludes that Plaintiffs' Count 6 claim against the Personnel Defendants for injunctive and declaratory relief should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

"Generally, dismissals of claims for failure to state a claim upon which relief may be granted are without prejudice," because the defect addressed by Rule 12(b)(6) may be curable. *Buchanan v. Oklahoma*, 2010 WL 1449603 *4 n.7 (W.D. Okla.). *See also Douglas v. Hilligoss*, 2010 WL 1329075 *2 (W.D. Okla.) (citing *Curley v. Perry*, 246 F.3d 1278, 1282 (10th Cir. 2001)). "A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). Considering Plaintiffs' allegations regarding the roles of the Personnel Defendants, the Court cannot conclude that Plaintiffs can amend the First

Amended Complaint to allege that Count 6 applies to the Personnel Defendants. Accordingly, the Court determines that the Count 6 claim against the Personnel Defendants for injunctive and declaratory relief will be dismissed with prejudice regardless of the Plaintiff bringing that claim. In sum, the Court will dismiss with prejudice all of the remaining claims brought by Plaintiffs Roybal, Smith, and Sanchez against the Personnel Defendants.

IT IS ORDERED that

1. Defendants City Personnel Board and Barbara Albin's Motion for Summary Judgment (Doc. 19) is granted in part;

2. summary judgment will be entered in favor of Defendants City Personnel Board and Albin on Counts 1, 3, and 4 of the First Amended Complaint;

3. summary judgment will be entered in favor of Defendants City Personnel Board and Albin on the portion of Count 6 of the First Amended Complaint which seeks damages;

4. the portion of Count 6 of the First Amended Complaint brought against Defendants City Personnel Board and Albin which seeks injunctive and declaratory relief is subject to dismissal for failing to state a claim upon which relief can be granted; and

5. all remaining claims against Defendants City Personnel Board and Barbara Albin will be dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE