IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALVIN ROYBAL, JERRY B. SANCHEZ,
and ANSELMO SMITH,

    Plaintiffs,

vs.                                                      Civ. No. 13-0025 KG/KBM

CITY OF ALBUQUERQUE,
RICHARD J. BERRY, Mayor,
ROBERT PERRY, Chief Administrative Officer,
VINCENT YERMAL, Director of Human Resources,
MARY SCOTT, Dep. Dir. Human Resources,
BRUCE RIZZIERI, Transit Department Director,
CITY LABOR-MANAGEMENT RELATIONS BOARD,
PAUL I. FORNEY, Attorney,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiffs' Motion to Remand, filed on December 2, 2013. (Doc. 70). Defendants City of Albuquerque, Richard J. Berry, Robert Perry, Vincent Yermal, Bruce Rizzieri, and Mary Scott (collectively, the Administrative Defendants) filed a response on December 11, 2013, and Plaintiffs filed a reply on December 31, 2013. (Docs. 72 and 75). Having reviewed the Plaintiffs' Motion to Remand and the accompanying briefs, the Court determines that Plaintiffs' Motion to Remand is denied for the following reason.

Plaintiffs argue that this case should be remanded to state court because the Notice of Removal, filed on January 10, 2013, does not indicate that all Defendants named in the original complaint consented to the removal. *See* (Doc. 1). Plaintiffs maintain that only the attorneys for those Defendants consented to the removal. The Administrative Defendants argue, among other things, that because Plaintiffs' Motion to Remand is untimely under 28 U.S.C. § 1447(c),

Plaintiffs have waived their assertion that the Notice of Removal lacked unanimous consent, thereby requiring the Court to deny Plaintiffs' Motion to Remand.

Section 1447(c) provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." This means that procedural "defects must be raised within 30 days after the filing of the notice of removal or they are waived." *Sheldon v. Khanal*, 502 Fed. Appx. 765, 770 (10th Cir. 2012). Here, Plaintiffs clearly filed Plaintiffs' Motion to Remand more than 30 days from the date of the filing of the Notice of Removal. Moreover, lack of unanimous consent to remove the case is a procedural defect subject to waiver under Section 1447(c). *See Farmland National Beef Packing Co., L.P. v. Stone Container Corp.*, 98 Fed. Appx. 752, 756 (10th Cir. 2004) (lack of unanimous consent is procedural defect). Accordingly, Plaintiffs' failure to comply with Section 1447(c) constitutes a waiver of Plaintiffs' contention that not all Defendants named in the original complaint consented to the removal.

IT IS ORDERED that Plaintiffs' Motion to Remand (Doc. 70) is denied.

_____
UNITED STATES DISTRICT JUDGE