IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALVIN ROYBAL, JERRY B. SANCHEZ,
and ANSELMO SMITH,

      Plaintiffs,

vs.                                    Civ. No. 13-0025 KG/SCY

CITY OF ALBUQUERQUE,
RICHARD J. BERRY, Mayor,
ROBERT PERRY, Chief Administrative Officer,
VINCENT YERMAL, Director of Human Resources,
MARY SCOTT, Dep. Dir. Human Resources,
BRUCE RIZZIERI, Transit Department Director, and
CITY LABOR-MANAGEMENT RELATIONS BOARD,

      Defendants.

MEMORANDUM OPINION AND ORDER

      This matter comes before the Court upon Defendants City of Albuquerque, Richard J.

Berry, Robert Perry, Vincent Yermal, Mary Scott, and Bruce Rizzieri's (collectively,

Management Defendants) Motion to Dismiss or, in the Alternative, Motion for Summary

Judgment Dismissing Complaint in Its Entirety as to These Defendants (Motion to Dismiss or for

Summary Judgment), filed on March 25, 2013; and Management Defendants' memorandum in

support of the Motion to Dismiss or for Summary Judgment, filed on March 26, 2013.  (Docs. 40

and 41).  Plaintiffs did not respond to the Motion to Dismiss or for Summary Judgment.  *See*

(Doc. 45).  Having reviewed the memorandum in support of the Motion to Dismiss or for

Summary Judgment, the Court grants the Motion to Dismiss or for Summary Judgment.

*A. Background*

    *1. Uncontested Material Facts*

This is an employment case involving three former Defendant City of Albuquerque (City) bus drivers who randomly tested positive for marijuana use. The City initially terminated the employment of Plaintiffs Roybal and Smith under a 2006 zero-tolerance drug testing policy after they each tested positive on a drug test. (Doc. 41-1) at ¶ 11; (Doc. 17-3) at 18. A state district court judge invalidated the 2006 policy in 2009 because the City had not negotiated the disciplinary aspect of the 2006 policy with the appropriate unions. (Doc. 41-1) at ¶ 9. The City then reverted to a 1999 second-chance drug testing policy wherein the City could terminate employment after one positive drug test only if the employee had a qualifying discipline in his or her personnel record. *Id.* at ¶ 10. Otherwise, the City would suspend the employee from work for 20 days and refer the employee to the Substance Abuse Program. *Id.* The City terminated Plaintiff Sanchez's employment under the 1999 policy. *Id.* at ¶ 20.

    *a. Plaintiff Roybal*

On December 5, 2009, the City administered a random drug test to Plaintiff Roybal which he failed. (Doc. 17-2) at 2. As a result of the positive drug test, the City terminated Plaintiff Roybal's employment under the 2006 policy. (Doc. 17-3) at 18. Plaintiff Roybal appealed the decision to terminate his employment. (Doc. 17-2) at 39-40.

While Plaintiff Roybal's appeal was pending, the City reinstated Plaintiff Roybal to his job and determined that Plaintiff Roybal could receive back pay. (Doc. 17-3) at 1. The City also scheduled a pre-determination hearing to consider whether Plaintiff Roybal "should be disciplined and if so, how much discipline [was] warranted" for testing positive on the random drug test. *Id.* The City based its decision to reinstate Plaintiff Roybal to his job and to schedule

the pre-determination hearing on the state district court judge's invalidation of the 2006 policy. *See* (Doc. 17-2) at 3.

Following the pre-determination hearing, Plaintiff Roybal received a 20-day suspension and was ordered to report to the Substance Abuse Program Manager. (Doc. 17-3) at 8. Plaintiff Roybal, however, failed to meet with the Substance Abuse Program Manager. *Id*. at 11. Defendant Rizzieri, the City of Albuquerque Transit Director, subsequently terminated Plaintiff Roybal's employment for not meeting with the Substance Abuse Program Manager and for failing to report to work. *Id*. at 17. Plaintiff Roybal did not appeal that decision to terminate his employment.

Plaintiff Roybal's appeal of the first decision to terminate his employment under the 2006 policy was still pending when the City terminated Plaintiff Roybal's employment for failing to meet with the Substance Abuse Manager and for failing to report to work. The City Personnel Board[1] ultimately dismissed Plaintiff Roybal's appeal of the first termination. *Id*. at 29.

On October 12, 2012, Plaintiff Roybal filed a Notice of Administrative Appeal in the Second Judicial District Court, County of Bernalillo, State of New Mexico, in which he appealed the City Personnel Board's dismissal of his appeal of the first termination. *See* (Doc. 15-1). Instead of filing the required statement of appellate issues to support the Notice of Administrative Appeal, Plaintiff Roybal filed a complaint in the state case. *See* (Doc. 1-1). Shortly after Plaintiff Roybal filed the complaint, Defendants City, Berry, Perry, Yermal, and Rizzieri removed the case to federal district court. *See* (Doc. 1). On February 20, 2013, Plaintiffs filed Plaintiffs' First Amended Complaint for Violations of Constitutional and Contractual Rights and Wrongful Termination, Abuse of Process, and Prohibited Labor Practices

---

[1] The City Personnel Board is a former Defendant in this case. *See* (Doc. 68).

(First Amended Complaint) which added Plaintiffs Jerry B. Sanchez, and Anselmo Smith as well as Defendants Scott, City Labor-Management Relations Board, and Paula I. Forney.  (Doc. 26).

### b.  Plaintiff Sanchez

On February 6, 2012, the City terminated Plaintiff Sanchez's employment under the 1999 policy for testing positive for marijuana use and for having a specified discipline in his personnel record.  (Doc. 41-10) at 4-5; (Doc. 41-11) at 9.  The City provided Plaintiff Sanchez with a post-termination hearing, but he failed to appear for the second day of the hearing.  (Doc. 41-11) at 2-3).  The personnel hearing officer recommended that Plaintiff Sanchez be reinstated to his job and given a 20-day suspension.  *Id*. at 9. The City Personnel Board rejected the personnel hearing officer's recommendation and upheld the decision to terminate Plaintiff Sanchez.  (Doc. 41-13) at 1-3.  Plaintiff Sanchez did not appeal his termination to the state district court.  (Doc. 41-1) at ¶ 25.

### c.  Plaintiff Smith

On March 12, 2009, Plaintiff Smith tested positive for marijuana use and the City subsequently terminated his employment under the 2006 policy.  (Doc. 41-2) at 1; (Doc. 41-7) at 2.  Plaintiff Smith grieved the termination and the personnel hearing officer recommended remanding the case to the City Transit Department to determine what drug policy to apply.  (Doc. 41-3) at 6.  Consistent with the 1999 policy, the City subsequently reinstated Plaintiff Smith to his job and paid him back wages from the date of his termination until he was reinstated.  (Doc. 41-1) at ¶ 27; (Doc. 41-4) at 1-5.

On July 8, 2010, Plaintiff Smith attended a pre-determination hearing in which he received a 20-day suspension and a referral to the City's Substance Abuse Program.  (Doc. 41-1) at ¶ 15; (Doc. 41-5).  Although Plaintiff Smith served the 20-day suspension and complied with

4

the Substance Abuse Program, Plaintiff Smith appealed both the 20-day suspension and the referral to the Substance Abuse Program.  (Doc. 41-1) at ¶ 16; (Doc. 41-6).  The City Personnel Board upheld the discipline.  (Doc. 41-7).  Plaintiff Smith then appealed the City Personnel Board's decision to the state district court.  (Doc. 41-15).  The state district court, however, dismissed the appeal because Plaintiff Smith failed to prosecute his case.  (Doc. 41-16).

### 2.  *The First Amended Complaint*

Plaintiffs bring six Counts "under 42 U.S.C. Sec. 1983 and the laws and constitutions of the United States and the State of New Mexico."  (Doc. 26) at ¶ 5.  The Court has since dismissed (1) Counts 2 and 5 with prejudice; (2) Counts 1, 3, 4, and 6 with prejudice as to Plaintiff Roybal's claims against Defendants City, Berry, Perry, Yermal, and Rizzieri; (3) all claims against the City Personnel Board and Barbara Albin with prejudice; and (4) all claims against Paula I. Forney without prejudice.  (Docs. 64, 68, and 84).  The remaining claims against the Management Defendants include (1) all of Plaintiffs' claims in Counts 1, 3, 4, and 6 brought against Defendant Scott; and (2) Plaintiffs Sanchez and Smith's claims in Counts 1, 3, 4, and 6 brought against Defendants City, Berry, Perry, Yermal, and Rizzieri.  All of Plaintiffs' claims against Defendant City-Labor Management Relations Board remain as well.

In Count 1, Plaintiffs claim that they had a protected property interest in their employment and that Defendants violated their right to due process in several ways. First, Plaintiffs contend that after the City terminated their employment, they were "entitled to a full and fair post-termination hearing before a neutral and unbiased hearing officer and a fair and neutral Personnel Board."  (Doc. 26) at ¶ 59.  Second, Plaintiffs allege that "[t]he City used its drug testing penalties to terminate Plaintiffs' employment under its zero-tolerance or second chance drug testing penalties even though the City refused to negotiate over both those drug

testing penalties." *Id*. at ¶ 63.  Finally, Plaintiffs Roybal and Smith contend that Defendants used a scheme to reinstate them to their jobs "so [Defendants] could subject the drivers to second disciplinary actions for the same marijuana offenses."  *Id*. at ¶ 64.

In Count 3, Plaintiffs raise unjust discipline and termination claims.  In Count 4, Plaintiffs bring claims for breach of an implied contract and for breach of the duty of good faith and fair dealing.  Plaintiffs maintain that they had an "implied contract of employment consisting of the City's Merit System Ordinance, the Personnel Rules and Regulations, and any applicable collective bargaining agreements."  *Id*. at ¶ 83.

Finally, in Count 6, Plaintiffs bring an unfair and prohibited labor practices claim. Plaintiffs allege that the City has yet to negotiate drug testing penalties with the appropriate unions and that the City reinstated its 2006 policy effective February 1, 2012.  *Id*. at ¶¶ 92-93. Plaintiffs also contend that "by implementing and applying both 'zero-tolerance' and 'second-chance' drug testing penalties without prior negotiations on the subject, Defendants are knowingly and willfully engaging in unfair and prohibited labor practices and actions."  *Id*. at ¶ 94.

### 3.   *The Motion to Dismiss or for Summary Judgment*

The Management Defendants bring this Motion to Dismiss and for Summary Judgment under Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56(c).  Defendants City, Berry, Perry, Yermal, and Rizzieri move to dismiss Plaintiffs Sanchez and Smith's remaining claims against them. Defendant Scott, as a newly named Defendant, seeks to dismiss all of Plaintiffs' remaining claims brought against her.  If the Court does not dismiss the remaining constitutional claims brought against the Management Defendants, the Management Defendants argue that they are entitled to qualified immunity with respect to those claims.

6

*B.  Discussion*

    *1. Preliminary Procedural Matters*

        *a.  Plaintiffs' Failure to Respond to the Motion to Dismiss and for Summary Judgment*

Although D.N.M. LR-Cv 7.1(b) provides that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion," the Court cannot summarily apply Local Rule 7.1(b) to the Motion to Dismiss and for Summary Judgment.  The Tenth Circuit Court of Appeals has clearly held that courts cannot "grant a motion to dismiss or a motion for summary judgment based solely on plaintiff's failure to respond and must consider the merits of the motion."  *Estate of Anderson v. Denny's Inc.*, 291 F.R.D. 622, 633 (D.N.M. 2013) (citing *Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003); *Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002)).  Accordingly, the Court will address the merits of the Motion to Dismiss or for Summary Judgment.

        *b.  Plaintiff Roybal's Failure to File a Statement of Appellate Issues*

The Management Defendants argue first that the Court should dismiss Plaintiff Roybal's administrative appeal of the City Personnel Board's decision to dismiss his first termination appeal.  The Court has already dismissed Plaintiff Roybal's administrative appeal without prejudice.  (Doc. 64).  This issue is, therefore, moot.

    *2.  Standard of Review*

Because the Court will examine exhibits outside the First Amended Complaint in addressing the merits of the Motion to Dismiss or for Summary Judgment, it is appropriate that the Court use a summary judgment standard of review in its analyses. *See* Fed. R. Civ. P. 12(d) (if a party presents the court with "matters outside the pleading" and the court does not exclude those matters, then "the motion must be treated as one for summary judgment under Rule 56.").

Summary judgment is appropriate if there is no genuine dispute as to a material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).[2] When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).  An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Bacchus Indus., Inc.*, 939 F.2d at 891.

      3.  *The Merits of the Motion to Dismiss or for Summary Judgment*

          a.  *Count 1:  the Due Process Claims*

The Management Defendants acknowledge that Plaintiffs had a protected property interest in their employment with the City.  The Management Defendants, however, argue that Plaintiffs received due process when the City terminated their employment.

          *(1)  Plaintiff Roybal's Due Process Claim Against Defendant Scott*

Plaintiff Roybal alleges in the First Amended Complaint that after the City initially determined that he should receive a 20-day suspension and report to the Substance Abuse

---

[2] Rule 56 was amended effective December 1, 2010, but the standard for granting summary judgment remains unchanged.

Program Manager, Defendant Scott issued Plaintiff Roybal a "Direct Order to Report."   (Doc.

26) at ¶ 23.  The Direct Order to Report informed Plaintiff Roybal when the 20-day suspension

would occur and warned Plaintiff Roybal that failure to enroll in the Substance Abuse Program

could result in insubordination and disciplinary action including termination.  (Doc. 17-3) at 10.

Although Plaintiff Roybal brings Count 1 against all of the Defendants, Plaintiff Roybal does not

specifically mention Defendant Scott in Count 1 nor does he explain how she violated his due

process rights.  Moreover, Plaintiff Roybal does not specify if his due process claim is based on a

lack of procedural due process or on a lack of substantive due process.

　　　　With respect to any procedural due process claim against Defendant Scott, the Court has

previously held that Plaintiff Roybal voluntarily relinquished his property interest in his

employment.  (Doc. 63) at 16-17. Consequently, Defendant Scott could not have deprived

Plaintiff Roybal of a property interest without procedural due process.  *See id.*

　　　　With respect to any substantive due process claim, the Court has construed Plaintiff

Roybal's allegation of an unfair process as a claim of lack of substantive due process.  *Id.* at 17.

Although substantive due process protections apply only to tenured employees, the Court

assumes, for the purpose of this analysis only, that Plaintiff Roybal was a tenured employee.  *See*

*Garcia v. City of Albuquerque*, 232 F.3d 760, 770 (10th Cir. 2000).  An employer violates an

employee's substantive due process rights if the employer acts arbitrarily with regard to the

employee.  *See id.* at 771 and 771 n. 12 (applied arbitrary action standard and did not decide if

"shock the conscience" standard should apply because defendant's actions were not arbitrary

under any standard).  Here, there is no allegation or even evidence that Defendant Scott acted

arbitrarily when she issued the Direct Order to Report.  Defendant Scott simply produced the

Direct Order to Report in response to a pre-determination hearing decision to suspend Plaintiff

Roybal's employment for 20 days and to order Plaintiff Roybal to report to the Substance Abuse Manager. Viewing the evidence in the light most favorable to Plaintiff Roybal, a reasonable jury could not find that Defendant Scott violated either Plaintiff Roybal's procedural or substantive due process rights. Accordingly, Defendant Scott is entitled to summary judgment on Plaintiff Roybal's Count 1 claims.

> *(2) Plaintiff Sanchez's Due Process Claims Against All of the Management Defendants*

As with Plaintiff Roybal's due process claims, Plaintiff Sanchez does not specify if he is bringing both a procedural due process claim and a substantive due process claim. The Court will assume that Plaintiff Sanchez is bringing both kinds of due process claims. The Court notes that a plaintiff waives his right to bring a procedural due process claim when he fails to take advantage of procedures to pursue that claim. *See Pitts v. Board of Educ. of U.S.D. 305, Salina, Kansas,* 869 F.2d 555, 557 (10th Cir. 1989). The Tenth Circuit has applied this same principle to substantive due process claims. *See McGee v. Boren,* 58 Fed. Appx. 436, 438 (10th Cir. 2003). In this case, it is undisputed that Plaintiff Sanchez did not attend the second day of his post-termination hearing nor did he appeal the City Personnel Board's decision to uphold his termination. Plaintiff Sanchez has, therefore, waived his due process claims against all of the Management Defendants. Hence, those claims are subject to summary judgment.

> *(3) Plaintiff Smith's Due Process Claims Against All of the Management Defendants*

Like Plaintiff Roybal and Sanchez's due process claims, Plaintiff Smith does not specify if he is bringing both a procedural due process claim and a substantive due process claim. The Court will assume that Plaintiff Smith is also bringing both kinds of due process claims. In Plaintiff Smith's case, he appealed the City Personnel Board's decision to give him a 20-day

suspension and to order him to report to the Substance Abuse Program.  Plaintiff Smith, however, failed to prosecute the appeal.  Plaintiff Smith's failure to prosecute his appeal constitutes a waiver of his due process claims.  *See McGee*, 58 Fed. Appx. at 438.  Accordingly, Plaintiff Smith's due process claims are subject to summary judgment.  In sum, the Court will grant summary judgment on all of the remaining Count1claims brought against the Management Defendants.

> b.  *Count 3:  Unjust Discipline and Termination*

The Management Defendants argue that the New Mexico Tort Claims Act (NMTCA) does not waive sovereign immunity for a tort of unjust discipline and termination, and that any constitutional claims for unjust discipline and termination fail for the same reasons as the due process claims.  As the Court noted previously, it is unclear if Count 3 sounds in common law tort or if Plaintiffs allege a constitutional tort.  (Doc. 63) at 20.  The Court has already held that the NMTCA bars any common law tort brought under Count 3.  *Id.*  In addition, the Court held that if Count 3 consists of a constitutional tort, that tort is similar to the due process claims asserted in Count 1.  *Id.*  Since the Court has concluded that the remaining due process claims against the Management Defendants are subject to summary judgment, it follows that if the remaining Count 3 claims are considered constitutional torts, then the Management Defendants are, likewise, entitled to summary judgment on those claims.  The remaining Count 3 claims against the Management Defendants are, therefore, subject to summary judgment.

> c.  *Count 4:  Breach of Implied Contract and Duty of Good Faith and Fair Dealing*

The Management Defendants argue that the remaining Count 4 claims against them should be dismissed because they did not breach any contract with any of the Plaintiffs.  The Management Defendants also contend that Plaintiffs have not adequately alleged how the

11

Management Defendants breached an implied contract of employment.  Moreover, the Management Defendants contend that the Merit System Ordinance and the personnel rules provided the exclusive remedies for Plaintiffs.

Before reaching the Management Defendants' arguments, the Court must first determine if *res judicata* bars the remaining Count 4 claims brought against the Management Defendants. In *Mascarenas v. City of Albuquerque*, a former City of Albuquerque employee, like Plaintiffs, brought a breach of an implied contract claim based "on the merit system ordinance, the City's personnel rules and regulation, and the collective bargaining agreement governing employment with the City."  2012-NMCA-031 ¶ 29, 274 P.3d 781. The New Mexico Court of Appeals held that *res judicata* barred the plaintiff from raising the breach of contract claim in a civil complaint because the plaintiff could have brought that claim before the City Personnel Board but did not do so.  *Id*.  That is the situation here.  As the Court previously held, Plaintiff Roybal had the opportunity to present both his breach of implied contract claim and the breach of the duty of good faith and fair dealing claim to the personnel hearing officer and, therefore, to the City Personnel Board, but he did not do so.[3]  (Doc. 63) at 21-22.  Plaintiffs Sanchez and Smith also did not raise any breach of implied contract claim or breach of the duty of good faith and fair dealing to either the personnel hearing officers or to the City Personnel Board.  *See* (Doc. 41-1) at ¶ 18, (Doc. 41-2) at 4-5, (Doc. 41-3), (Doc. 41-6), (Doc. 41-7), (Doc. 41-8), (Doc. 41-11), (Doc. 41-12), and (Doc. 41-13).  A reasonable jury viewing the evidence in the light most favorable to Plaintiffs could not find that circumstances existed which would have prevented

---

[3] A claim of breach of the duty of good faith and fair dealing, as in this case, sounds in contract and, therefore, cannot exist without a contract.  *See Salazar v. City of Albuquerque,* 2013 WL 5554185 *27-28 (D.N.M.).  Since the breach of the duty of good faith and fair dealing is essentially a contract claim, it, like the breach of contract claim, should have been brought in the administrative proceedings.

Plaintiffs from presenting those claims in the administrative proceedings.  Consequently, *res judicata* bars Plaintiffs from bringing the remaining Count 4 claims against the Management Defendants.  The Management Defendants are, therefore, entitled to summary judgment on those claims.

### d.  Count 6:  Unfair and Prohibited Labor Practices

In addition to alleging that the City failed to negotiate the 2006 policy penalties with the appropriate unions, Plaintiffs allege in Count 6 that the City failed to negotiate the 1999 policy penalties with the appropriate unions.  (Doc. 26) at ¶ 94.  This conclusory allegation concerning the 1999 policy, however, is not supported by the factual allegations in the First Amended Complaint which focus on the lack of negotiation with respect to the 2006 policy.  In addition, the evidence of record indicates that the state district court invalidated only the 2006 policy for lack of negotiation.  Hence, a reasonable jury viewing the evidence in the light most favorable to Plaintiffs could not find that the City failed to negotiate the 1999 policy in violation of unfair labor practices.

Moreover, the Management Defendants argue that the remaining Count 6 claims against them should be dismissed because Plaintiffs did not file prohibited practice claims before the City Labor-Management Relations Board.  Before reaching that argument, the Court must determine whether Plaintiffs even have standing to bring Count 6.

### (1)  Plaintiff Roybal's Unfair and Prohibited Labor Practices Claim Against Defendant Scott

The Court has already granted summary judgment on Plaintiff Roybal's Count 6 claim against Defendants City, Berry, Perry, Yermal, and Rizzieri based on lack of standing.  That rationale applies equally to Plaintiff Roybal's Count 6 claim against Defendant Scott.  *See* (Doc.

63) at 22-23.  Hence, the Court will grant summary judgment in favor of Defendant Scott on

Plaintiff Roybal's Count 6 claim.

> (2)  Plaintiff Sanchez's Unfair and Prohibited Labor Practices Claim
> Against All of the Management Defendants

In New Mexico, standing "requires that '(1) [the party is] directly injured as a result of

the action they seek to challenge; (2) there is a causal relationship between the injury and the

challenged conduct; and (3) the injury is likely to be redressed by a favorable decision.'"[4]

*Upsilon One, LLC v. Security Escrow of Valencia County*, 2012 WL 2309053 *1 (N.M. Ct.

App.) (quoting *Staley v. New*, 56 N.M. 756, 758, 250 P.2d 893, 894 (1952)).  Standing is not

jurisdictional in New Mexico.  *City of Artesia v. Public Employees Retirement Ass'n of New

Mexico*, 2014-NMCA-009 ¶ 7, 316 P.3d 188.

Although the undisputed evidence shows that Plaintiff Sanchez suffered an injury when

the City terminated his employment under the 1999 policy, a reasonable jury viewing the

evidence in the light most favorable to Plaintiff Sanchez could not find that Plaintiff Sanchez's

termination of employment was causally related to the Count 6 allegation that the City failed to

negotiate the penalties in the 2006 policy.  In Plaintiff Sanchez's case, it is undisputed that his

termination was based not on the 2006 policy but on the 1999 policy.  Finally, a reasonable jury

could find not find that any relief granted under Count 6 would likely redress Plaintiff Sanchez's

termination under the 1999 policy because Plaintiffs do not attack that policy under Count 6.

Consequently, Plaintiff Sanchez has no standing to bring Count 6.  The Management Defendants

are, therefore, entitled to summary judgment on Plaintiff Sanchez's Count 6 claim.

---

[4] When a court exercises supplemental jurisdiction over a state claim, the Tenth Circuit applies state law to determine standing.  *See St. Francis Regional Medical Center v. Blue Cross and Blue Shield of Kansas, Inc.*, 49 F.3d 1460, 1465-66 (10th Cir. 1995) (applying Kansas standing law to state claims).

*(3)  Plaintiff Smith's Unfair and Prohibited Labor Practices Claim Against All of the Management Defendants*

With respect to Plaintiff Smith, a reasonable jury could find that the City's failure to negotiate the 2006 policy penalties caused Plaintiff Smith's initial termination of employment. However, a reasonable jury viewing the evidence in the light most favorable to Plaintiff Smith could not find that a court decision that the City's failure to negotiate the 2006 policy penalties amounted to an unfair and prohibited labor practice would redress the initial termination of Plaintiff Smith's employment.  Here, the City already redressed that injury when it reinstated Plaintiff Smith to his job with back pay.  Moreover, a reasonable jury viewing the evidence in the light most favorable to Plaintiff Smith could not find that the City's failure to negotiate the 2006 policy's penalties caused Plaintiff Smith to receive a 20-day suspension and to be ordered to report to the Substance Abuse Program Manager.  That disciplinary action resulted from application of the 1999 policy which the record does not indicate was an un-negotiated policy. Plaintiff Smith's Count 6 claims are, therefore, subject to summary judgment in favor of the Management Defendants.

*e.  Qualified Immunity for the Constitutional Claims*

Since the Court has concluded that the Management Defendants are entitled to summary judgment on all of Plaintiffs' remaining claims against them, it is unnecessary for the Court to determine whether those Defendants also possess qualified immunity with respect to the constitutional claims.

*C. Conclusion*

The Court concludes that Defendant Scott is entitled to summary judgment on all of the Plaintiffs' claims in Counts 1, 3, 4, and 6.  The Court also concludes that Defendants City, Perry, Berry, Yermal, and Rizzieri are entitled to summary judgment on Plaintiffs Sanchez and Smith's

claims in Counts 1, 3, 4, and 6. With the dismissal of the above claims, the Management

Defendants will be terminated as Defendants in this case.

IT IS ORDERED that

1. the Motion to Dismiss or, in the Alternative, Motion for Summary Judgment

Dismissing Complaint in Its Entirety as to These Defendants (Doc. 40) is granted;

2. the Court will grant summary judgment in favor of Defendant Scott on all of the

Plaintiffs' claims in Counts 1, 3, 4, and 6 of the First Amended Complaint;

3. the Court will grant summary judgment in favor of Defendants City, Berry, Perry,

Yermal, and Rizzieri on the claims brought by Plaintiffs Sanchez and Smith in Counts 1, 3, 4,

and 6 of the First Amended Complaint; and

4. the Court will dismiss all of the above claims with prejudice, thereby terminating the

Management Defendants as parties to this lawsuit.

UNITED STATES DISTRICT JUDGE