IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALVIN ROYBAL,
JERRY B. SANCHEZ, and
ANSELMO SMITH,

    Plaintiffs,

vs.                                                               Civ. No. 13-25 KG/SCY

CITY LABOR-MANAGEMENT RELATIONS BOARD,

    Defendant,

and

CITY OF ALBUQUERQUE,
RICHARD J. BERRY, ROBERT PERRY,
VINCENT YERMAL, MARY SCOTT, and
BRUCE RIZZIERI,

    Counter-Claimants,

vs.

ALVIN ROYBAL,
JERRY B. SANCHEZ, and
ANSELMO SMITH,

    Counter-Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants City Personnel Board, City Labor-Management Relations Board, and Barbara Albin's Motion for Summary Judgment (Motion for Summary Judgment), and on their supporting memorandum brief, both filed on June 21, 2013. (Docs. 47 and 48). Plaintiffs did not respond to the Motion for Summary Judgment. *See* (Doc. 54).

The Court notes that Defendants City Personnel Board and Albin are no longer Defendants in this case. (Doc. 68). Consequently, the Court will address only that portion of the Motion for Summary Judgment that pertains to Plaintiffs' claims against Defendant City Labor-Management Relations Board (Labor Board). In addition, the Labor Board is the remaining Defendant in this lawsuit.[1] The Court further notes that state law counterclaims by City of Albuquerque (City), Berry, Perry, Yermal, Scott, and Rizzieri remain pending in this case.[2] *See* (Doc. 32) at 10-18. Having reviewed the memorandum brief supporting the Motion for Summary Judgment and the relevant uncontested evidence of record, the Court grants the Motion for Summary Judgment in favor of the Labor Board, thereby terminating Plaintiffs' lawsuit. In addition, the Court remands the counterclaims to state court.

A. Background

   *1. Plaintiffs' First Amended Complaint for Violations of Constitutional and Contractual Rights and Wrongful Termination, Abuse of Process, and Prohibited Labor Practices (Doc. 26) (First Amended Complaint)*

This is an employment case which was removed from the Second Judicial District Court, County of Bernalillo, State of New Mexico. Plaintiffs bring six Counts in the First Amended Complaint. The Court has since dismissed Counts 2 and 5 with prejudice. (Doc. 64). Hence, only Counts 1, 3, 4, and 6 against the Labor Board remain.

In Count 1, Plaintiffs seek damages for alleged violations of their due process rights. First Amended Complaint at ¶ 65. With respect to Count 3, Plaintiffs Roybal and Smith maintain that the "City is liable, in an amount to be determined at trial, for its wrongful discipline

---

[1] The Court has dismissed Plaintiffs' claims against City of Albuquerque, Richard J. Berry, Robert Perry, Vincent Yermal, Mary Scott, Bruce Rizzieri, and Paula I. Forney. *See* (Docs. 64, 68, 84, and 88).

[2] On May 8, 2014, the Court struck Plaintiffs' answer to the counterclaims. (Doc. 80).

and unreasonable termination of Plaintiffs' employment." *Id*. at ¶ 81. In Count 4, Plaintiffs claim that "Defendants are liable for damages proximately resulting from their breach of contract and failure to comply with their duty of good faith and fair dealing." *Id*. at ¶ 84.  Finally, Plaintiffs allege in Count 6 that "Defendants are liable to Plaintiffs for damages proximately resulting from their unfair labor practices as well as injunctive and declaratory relief." *Id*. at ¶ 95.  The Labor Board argues that it is entitled to summary judgment on all of these Counts on the basis of absolute quasi-judicial immunity.

   2. *The Counterclaims*

  Counter-Claimants bring two state law counterclaims against Plaintiffs:  (1) a malicious abuse of process claim, and (2) a *prima facie* tort claim.  Those counterclaims arise from Plaintiffs filing this lawsuit against the Counter-Claimants.

B.  Discussion

   1. *The Motion for Summary Judgment*

    a.  Standard of Review

  Summary judgment is appropriate if there is no genuine dispute as to a material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).[3] When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc.*

---

[3] Rule 56 was amended effective December 1, 2010, but the standard for granting summary judgment remains unchanged.

*v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Bacchus Indus., Inc.*, 939 F.2d at 891.

### b. Absolute Quasi-Judicial Immunity

Federal law and New Mexico state law recognize that administrative hearing officers acting in a quasi-judicial manner have absolute judicial immunity for money damages. *See Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006); *City of Albuquerque v. Chavez*, 1997-NMCA-054 ¶ 17, 123 N.M. 428. The Tenth Circuit explains that quasi-judicial absolute immunity applies

> where (1) the defendant's duties and the procedures employed are functionally comparable to those of a court of law; (2) maintenance of the impartiality and effectiveness of the adjudicatory process in question requires eliminating any threat of personal liability; (3) the defendant's actions are more likely than other governmental actions to result in disappointed parties' institution of lawsuits; and (4) procedural safeguards exist and are adequate to correct or prevent erroneous or intentional constitutional violations.

*Saavedra v. City of Albuquerque*, 73 F.3d 1525, 1530 (10th Cir. 1996) (citing *Horwitz v. Bd. of Med. Examiners,* 822 F.2d 1508, 1513 (10th Cir.), *cert. denied,* 484 U.S. 964 (1987)). The New Mexico Court of Appeals subsequently adopted the Tenth Circuit's reasoning in *Chavez.* 1997-NMCA-054 ¶ 17.

Plaintiffs admit in the First Amended Complaint that "[t]he City Labor-Management Relations Board is also supposed to be a quasi-judicial hearing Board that decides City employees' labor and contract cases." First Amended Complaint at ¶ 8. In fact, the Labor Board is authorized under the City of Albuquerque Labor-Management Relations Ordinance

(Ordinance) to hear controversies regarding practices prohibited under that Ordinance. (Doc. 48-1) at § 3-2-9(D). The unions as well as the mayor are involved in selecting the Labor Board members. *Id.* at § 3-2-15.

The Ordinance provides that parties in a Labor Board dispute have the right to be represented by counsel, to call witnesses, and to submit evidence. *Id*. at § 3-2-9(D). The Labor Board hearing process employs rules of procedure and requires that hearings and decisions be on the record. *Id.* at § 3-2-10(A). The Labor Board also has "the authority to administer oaths, subpoena witnesses and compel the production of documents…." *Id*. Moreover, all decisions must be in writing and contain the Labor Board's findings and conclusions. *Id*. at § 3-2-10(B). Finally, an aggrieved party can appeal a Labor Board's decision to the state district court which will affirm the decision "unless the decision is found to be: arbitrary, capricious or an abuse of discretion; unsupported by evidence in the record taken as a whole; or, otherwise not in accordance with law." *Id*. at § 3-2-10(D).

Viewing this uncontested evidence of the Labor Board's function and procedures in the light most favorable to Plaintiffs, a reasonable jury could find that (1) the Labor Board's duties and procedures are functionally comparable to those of a court of law; (2) to maintain the purpose of the Labor Board, i.e., to decide controversies concerning prohibited practices in an objective and fair manner, requires eliminating any threat of personal liability; (3) the nature of the decision process is such that an aggrieved party could have a strong incentive to sue the Labor Board for issuing an decision adverse to that party; and (4) erroneous Labor Board decisions can be appealed to the state district court. A reasonable jury could, therefore, find that the Labor Board is entitled to absolute quasi-judicial immunity for actions seeking money damages when the Labor Board is performing its duties under the Ordinance.

In this case, Plaintiffs do not allege nor do the undisputed facts show that Plaintiffs or their union representatives brought claims before the Labor Board. *See* (Doc. 41-17) at ¶¶ 13 and 14. Hence, a reasonably jury could not find that the Labor Board somehow acted outside its purview as a quasi-judicial entity and is thus not entitled to absolute quasi-judicial immunity for the money damages claims brought by Plaintiffs. All of the claims against the Labor Board in Counts 1, 3, and 4, and the damages portion of Count 6 are, therefore, subject to summary judgment.

Plaintiffs also ask for injunctive and declaratory relief in Count 6 for alleged unfair and prohibited labor practices. Admittedly, the Labor Board cannot obtain absolute quasi-judicial immunity for the portion of Count 6 in which Plaintiffs seek injunctive and declaratory relief. The Court will, however, *sua sponte* examine Count 6 to determine whether Plaintiffs state a cognizable claim against the Labor Board for injunctive and declaratory relief.

The Court notes first that Plaintiffs do not specifically name the Labor Board in Count 6. Instead, the Labor Board is included in the collective "Defendants" which Plaintiffs refer to generally as (1) being "obligated to negotiate in good faith over mandatory topics of negotiation," (2) "knowingly and willfully engaging in unfair and prohibited labor practices and actions" by using drug testing penalties without prior union negotiations, and (3) being liable for damages and injunctive and declaratory relief. *See* First Amended Complaint at ¶¶ 91, 94, and 95. Aside from the vague references to the collective "Defendants," Count 6 does not involve the Labor Board but instead concerns the City. For instance, Plaintiffs specifically allege in Count 6 that "[t]he *City* has not developed, drafted, proposed, or promulgated any drug testing penalties for presentation in collective bargaining negotiations between the City and NMTU and other employee labor unions." *Id.* at ¶ 92 (emphasis added). Plaintiffs further allege that as of

"February 1, 2012, the *City* again reinstated its zero-tolerance drug testing policy, including the unreasonable prohibition of any use of marijuana by City employees and termination for employees who test positive." *Id*. at ¶ 93 (emphasis added).  Additionally, the failure to negotiate with the appropriate unions regarding drug testing penalties is the alleged unfair and prohibited labor practice at issue.  Plaintiffs, however, fail to allege anywhere in the First Amended Complaint that the Labor Board is or was involved in union negotiations.  Rather, Plaintiffs allege that the Labor Board "decides City employees' labor and contract cases." *Id.* at ¶ 8.  The nature of the role of the Labor Board is such that it would not have engaged in the unfair and prohibited labor practices which Plaintiffs describe in Count 6.

A district court may *sua sponte* dismiss a plaintiff's claim under Fed. R. Civ. P. 12(b)(6) for "failure to state a claim upon which relief can be granted," if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Smith v. New Mexico*, 94 Fed. Appx. 780, 781 (10th Cir.), *cert. denied*, 543 U.S. 946 (2004) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (internal quotation marks omitted)).  Here, accepting Plaintiffs' allegations as true and viewing those allegations in the light most favorable to Plaintiffs, the Court determines that Plaintiffs have not pled a plausible claim of unfair and prohibited labor practices against the Labor Board for injunctive and declaratory relief. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (Rule 12(b)(6) dismissal proper only where obvious that plaintiff failed to set forth "enough facts to state a claim to relief that is plausible on its face."); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984) (in Rule 12(b)(6) context, court accepts as true all well-pled facts and views them in plaintiff's favor). Plaintiffs do nothing more than make non-specific and conclusory allegations that the Labor Board failed to negotiate drug testing penalties with the

7

appropriate unions.  *See Twombly*, 550 U.S. at 555 (Rule 12(b)(6) requires plaintiff to allege more than conclusions, labels, and formulaic recitation of elements of cause of action). In addition, Plaintiffs' description of the role of the Labor Board simply does not support any claim for a failure to negotiate with unions. It is "patently obvious" that Count 6 does not apply to the Labor Board.  The Court, therefore, concludes that Plaintiffs' Count 6 claim against the Labor Board for injunctive and declaratory relief should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

"Generally, dismissals of claims for failure to state a claim upon which relief may be granted are without prejudice," because the defect addressed by Rule 12(b)(6) may be curable. *Buchanan v. Oklahoma*, 2010 WL 1449603 *4 n.7 (W.D. Okla.).  *See also Douglas v. Hilligoss*, 2010 WL 1329075 *2 (W.D. Okla.) (citing *Curley v. Perry*, 246 F.3d 1278, 1282 (10th Cir. 2001)). "A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).  Considering Plaintiffs' allegation regarding the role of the Labor Board and the uncontested fact that neither Plaintiffs nor union representatives filed claims before the Labor Board, the Court cannot conclude that Plaintiffs can amend the First Amended Complaint to allege that Count 6 somehow applies to the Labor Board.  Accordingly, the Court determines that the Count 6 claim against the Labor Board for injunctive and declaratory relief will be dismissed with prejudice.  In sum, the Court will dismiss with prejudice all of the remaining claims against the Labor Board.

    2. *The Counterclaims*

Having determined to dismiss all of the remaining claims against the Labor Board, Plaintiffs no longer have a lawsuit although the state law counterclaims remain.  The question

then arises:  Does the Court have jurisdiction to hear the counterclaims without the Plaintiffs' lawsuit?  It is clear that the counterclaims rely on the Court's supplemental jurisdiction and not on either federal question or diversity jurisdiction.  The Court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction…." 28 U.S.C. § 1367(c)(3).  Without any claims remaining to support the Plaintiffs' lawsuit, the Court, in its discretion, declines to exercise supplemental jurisdiction over the counterclaims.  Accordingly, the Court will remand the counterclaims to state court.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment is appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

     IT IS ORDERED that

     1.  Defendants City Personnel Board, City Labor-Management Relations Board, and Barbara Albin's Motion for Summary Judgment (Docs. 47) is granted in part;

     2.  summary judgment will be entered in favor of the Labor Board on Counts 1, 3, and 4 of the First Amended Complaint;

     3.  summary judgment will be entered in favor of the Labor Board on the portion of Count 6 of the First Amended Complaint which seeks damages;

     4.  the portion of Count 6 of the First Amended Complaint brought against the Labor Board which seeks injunctive and declaratory relief is subject to dismissal for failing to state a claim upon which relief can be granted;

     5.  all remaining claims against the Labor Board will be dismissed with prejudice, thereby terminating Plaintiffs' lawsuit; and

     6. the counterclaims will be remanded to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE