IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALVIN ROYBAL, JERRY B. SANCHEZ,
and ANSELMO SMITH,

      Plaintiffs,

vs.                                                                Civ. No. 13-25 KG/SCY

CITY OF ALBUQUERQUE,
RICHARD J. BERRY, Mayor,
ROBERT PERYY, Chief Administrative Officer,
VINCENT YERMAL, Director of Human Resources,
MARY SCOTT, Dep. Dir. Human Resources,
BRUCE RIZZIERI, Transit Department Director,
CITY PERSONNEL BOARD,
CITY LABOR-MANAGEMENT RELATIONS BOARD,
BARBARA ALBIN, Hearing Officer, and
PAUL FORNEY, Attorney.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court upon Plaintiffs' Motion for Reconsideration, filed June 26, 2014. (Doc. 92). Defendants City of Albuquerque, Richard J. Berry, Robert Perry, Vincent Yermal, Mary Scott, and Bruce Rizzieri filed a response on July 3, 2014, while Defendants City Personnel Board, City Labor-Management Relations Board, and Barbara Albin filed a response on July 10, 2014. (Docs. 93 and 94). Plaintiffs did not file a reply. Having reviewed Plaintiffs' Motion for Reconsideration and the accompanying briefs, the Court denies Plaintiffs' Motion for Reconsideration.

      Plaintiffs apparently move the Court to reconsider various orders entered by the Court either dismissing Plaintiffs' claims or granting summary judgment in favor of Defendants. Plaintiffs, however, do not specify whether they are seeking reconsideration under Fed. R. Civ. P. 59(e) or 60(b). A party who seeks reconsideration of a judgment may "file either a motion to

alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). A Rule 59(e) motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e); *Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider should be construed as filed pursuant to Rule 59(e) when filed within the limit set forth under Rule 59(e)). Rule 60(b) governs a motion to reconsider filed more than twenty-eight days after entry of a judgment. Plaintiffs filed Plaintiffs' Motion for Reconsideration within twenty-eight days after the Court entered summary judgment on a portion of Plaintiffs' claims, but more than twenty-eight days after the Court either dismissed or entered summary judgment on other claims. Therefore, the Court will examine Plaintiffs' Motion for Reconsideration under both Rule 59(e) and Rule 60(b).

 1. *Rule 59(e)*

 The Tenth Circuit recognizes only certain grounds for granting a Rule 59(e) motion, including: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice." *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A Rule 59(e) motion is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Id.* Rule 59(e) motions, however, are inappropriate to re-litigate matters, advance new arguments, or present evidence that could have been raised prior to the entry of the judgment. *Steele v. Young*, 11 F.3d 1518, 1520 n.1 (10th Cir. 1993).

 Plaintiffs introduce arguments in Plaintiffs' Motion for Reconsideration which they could have raised in responding to the various dispositive motions filed in this case. Plaintiffs, however, chose not to respond to those motions when they had the opportunity to do so. In the

interests of justice and efficient litigation, the Court will not permit Plaintiffs to by-pass the motion practice established by the Federal Rules of Civil Procedure by filing a Rule 59(e) motion.  Simply put, Plaintiff has not shown an intervening change in the controlling law, new evidence that was previously unavailable, or the need to correct clear error or prevent manifest injustice.  The Court will, therefore, deny any Rule 59(e) request to reconsider the Court's rulings.

> ### 2. *Rule 60(b)*

Rule 60(b) is subject to more stringent standards than Rule 59(e). *See Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1239 (10th Cir. 2006). "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996) (quoting *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990)). Rule 60(b) permits a court to relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). A litigant demonstrates exceptional circumstances by satisfying at least one of Rule 60(b)'s six grounds for relief. *Van Skiver*, 952 F.2d at 1243-44.  Having reviewed Plaintiffs' Motion for Reconsideration, the Court finds that Plaintiffs have not met any of the Rule 60(b) grounds for relief nor have Plaintiffs shown exceptional circumstances warranting Rule 60(b) relief.  Accordingly, the Court will, likewise, deny any Rule 60(b) request to reconsider the Court's rulings.

IT IS ORDERED that Plaintiffs' Motion for Reconsideration (Doc. 92) is denied.

_____
UNITED STATES DISTRICT JUDGE